151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ramon F. CASTELLANOS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-2969.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 13, 1998*.
Decided June 16, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 97 C 50156 (91 CR 20006). Philip G. Reinhard, Judge.
 
 
 1
 Before Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Hon. S. HUGH DILLIN, District Judges**.
 
 Order
 
 2
 The district court dismissed this collateral attack under 28 U.S.C. § 2255 when petitioner Castellanos failed to meet a deadline for amplifying his claims. Instead of satisfying the court's request for a more complete statement, Castellanos asked for an extra 60 days. The district judge deemed extra time unnecessary, pointing out that Castellanos had filed a skeletal motion on the last day allowed by § 2255 p 6, and that extra time to flesh out the claims would be functionally equivalent to granting an extension of period to commence a collateral attack. The court then dismissed the case "because the six grounds raised in the motion were general and conclusory, not particularized and insufficient to raise an issue under section 2255."
 
 
 3
 A judge of this court issued a certificate of appealability limited to the following issues:
 
 
 4
 1. Whether the district court abused its discretion by denying Castellanos' motion for an enlargement of time to file a brief supporting his § 2255 motion; and
 
 
 5
 2. Whether the district court erred in considering the proximity between the date Castellanos filed his § 2255 motion and the date the statute of limitations for his claim expired.
 
 
 6
 Congress has specified that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Neither of the issues in the certificate of appealability identifies "a substantial showing of the denial of a constitutional right." Nonetheless, the prosecutor appears to be content with the certificate and has forfeited any opportunity to contend that it was improperly issued. Young v. United States, 124 F.3d 794, 798-99 (7th Cir.1997). For his part, Castellanos has ignored the certificate and briefed two issues of his own choosing: first, whether he received ineffective assistance of counsel at sentencing; second, whether the district court abused its discretion "by denying Petitioner an enlargement of time to perfect his original motion". Castellanos has not asked us to add issues to the certificate of appealability; the ineffective assistance claim, which the district court did not reach, is not ripe for decision anyway. Thus we confine our attention to the first of the two questions identified in the certificate, see Sylvester v. Hanks, No. 97-2499 (7th Cir. Mar.30, 1998), slip op. 4--the second having been waived by Castellanos's failure to address it in his appellate brief.
 
 
 7
 Motions under § 2255 are not governed by the notice-pleading theory of Fed.R.Civ.P. 8. Instead they are subject to the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 2(b) of these Rules provides in part that the motion "shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified. It shall also state the relief requested. The motion shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner." Rule 2(d) adds that "[i]f a motion received by the clerk of a district court does not substantially comply with the requirements of rule 2 or rule 3, it may be returned to the movant, if a judge of the court so directs, together with a statement of the reason for its return." Castellanos's motion did not "set forth in summary form the facts supporting each of the grounds" and therefore could have been summarily returned under Rule 2(d).
 
 
 8
 Because of the statute of limitations in § 2255 p 6, return of the motion would have foreclosed any opportunity to obtain collateral relief. The district judge did Castellanos a favor by retaining the motion and giving him another three weeks to satisfy the not-very-demanding standard of Rule 2(b). Castellanos did not attempt to comply but asked for a further 60 days. The district judge did not abuse his discretion by denying that motion. The initial order informed Castellanos that no extension would be granted. He therefore had to try to comply with the court's order. If because of limited library access or some other impediment of prison life that attempt had been unsuccessful, Castellanos would have a claim to lenient treatment. But by doing nothing at all, Castellanos showed that he wanted an extension of the statutory period of limitations. The one-year period may bear harshly on some inmates, but Castellanos is not among that number. He was sentenced in November 1992; his conviction and sentence were affirmed in July 1994; he did not file his motion under § 2255 until late April 1997. Thus he had ample time to gather factual material and legal authority to support a collateral attack. He did not explain to the district judge--and has not explained to us--why he needed another 60 days to do what he had had several years to accomplish. Especially not when the principal issue he seeks to raise, ineffective assistance of counsel, is an argument already made (and rejected) on direct appeal. He had the assistance of counsel in 1993-94 to assemble evidence and arguments on that issue. Section 2255 rarely offers a second bite at the apple, and the district judge did not abuse his discretion in bringing this case to an end.
 
 AFFIRMED
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that another oral argument is unnecessary
 
 
 **
 Of the Southern District of Indiana, sitting by designation